UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GIOACCHINO ACQUISTA,

                      Petitioner,           05 Civ. 10342 (RPP)
                                              97 Cr. 1041 (RPP)
          - against -

                                              **OPINION AND ORDER**

UNITED STATES OF AMERICA,

                      Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      *Pro se* petitioner, Gioacchino Acquista ("Acquista"), presently in custody serving a sentence imposed by this Court, seeks to vacate, set aside, or correct his sentence pursuant to Title 18, United States Code, Section 2255 on the ground that this Court improperly sentenced him to 168 months of imprisonment based on a drug weight in excess of five kilograms. Acquista relies on the Second Circuit's decision in <u>United States v. Cordoba-Murgas</u>, 422 F.3d 65 (2d Cir. 2005), which, he correctly states, held that when the Government fails to specify drug quantity in an indictment charging a violation of 21 U.S.C. § 841(b)(1)(A), and the sentence exceeds the statutory maximum for the crime charged in the indictment, the excess over the statutory maximum violates due process.

      In Mr. Acquista's case, a grand jury returned Indictment 97 Cr. 1041 ("the Indictment"), which charged Acquista and nine other co-defendants with one count of conspiracy to distribute and possess with intent to distribute <u>five kilograms or more</u> of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (emphasis added).

Section 841(b)(1)(A) states that the statutory maximum sentence for a person who distributes or possesses with intent to distribute five kilograms or more of cocaine is life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2002). Section 846 states that any person who conspires to commit an offense under Section 841 shall be sentenced to the same penalties as those prescribed for the offense. 21 U.S.C. § 846 (1988). The sentence Acquista received did not exceed the statutory maximum of life imprisonment. Therefore, Cordoba-Murgas is not on point and Acquista's due process rights were not violated by his sentence of 168 months as stipulated to in his plea agreement.

Acquista also argues, despite the terms of his plea agreement, that he conspired to possess with intent to distribute five kilograms of cocaine, that he could not stipulate to any more than five kilograms, the amount charged in his Indictment, and that therefore his sentence should be based on no more than five kilograms resulting in a sentence of 85-108 months. However, his Indictment charged five or more kilograms of cocaine. The Court, therefore, did not violate Acquista's due process rights by sentencing Acquista within the higher stipulated range in Acquista's plea agreement which he entered into knowingly, voluntarily, and competently. See United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000), see also United States v. Rosa, 123 F.3d 94, 97 (2d Cir. 1997).

Furthermore, the Supreme Court ruled in United States v. Booker, 543 U.S. 220 (2005), that the Federal Sentencing Guidelines are advisory and do not contiain statutory maximum sentences raising jury issues pursuant to Apprendi v. New Jersey, 530 U.S. 446 (2000). Despite Acquista's argument to the contrary, this Court was not required

under the sentencing guidelines to treat the five kilograms of cocaine charged in the Indictment as a statutory maximum when calculating Acquista's sentence. Acquista's petition pursuant to 28 U.S.C. § 2255 is therefore dismissed.

Acquista has also failed to file his petition within the one-year period required for a Section 2255 petition:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . (1) the date on which the judgment of conviction becomes final[.]

28 U.S.C. § 2255 (2006). Acquista's judgment of conviction became final on July 22, 1998. Acquista, Judgment in a Criminal Case, Case No. 1:97CR01041-001 ("Acquista Judgmt.") at 1. Acquista filed his petition on November 18, 2005, more than six years after the one-year period of limitation expired. Even if the Court were to calculate the one-year period based on the April 2, 1998 date that Acquista indicates as the date of his judgment of conviction, Acquista § 2255 Petition at 2, his petition is also untimely. Acquista does not argue that the facts supporting his claim were not available to him within one year of the date his judgment of conviction became final. Indeed, the relevant facts were available to Acquista from the date of his plea agreement on April 2, 1998. Acquista makes no equitable tolling argument allowing the Court to avoid the limitation of § 2255. Accordingly, Acquista's petition is untimely and must be dismissed.

**CONCLUSION**

For the foregoing reasons, Acquista's motion to modify his sentence is denied. I certify that any appeal of this order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3) (1996); see also Coppedge v. United States, 369 U.S. 438, 444 (1962). Since

petitioner has not made a substantial showing of a denial of his constitutional rights, a certificate of appealability is not granted. 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated: New York, New York
July 17, 2006

Robert P. Patterson, Jr.
U.S.D.J.

Copies of this Opinion and Order sent to:

Petitioner Pro Se:

Gioacchino Acquista
#42164-054
Federal Correctional Institute Elkton
P.O. Box 10
Lisbon, Ohio 44432

Counsel for the Government:

Michael J. Garcia, United States Attorney
Southern District of New York
Attn: Arlo Devlin-Brown
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
Tel: (212) 637-2506
Fax: (212) 637-2527